Per Curiam.

The question presented is whether the percentages allowed for bad-debt reserves are so small as to be unreasonable or unlawful.
Under the provisions of Section 1464-3, General Code, the Tax Commissioner is authorized to promulgate rules for the conduct of the work of the Department of Taxation. Pursuant thereto the commissioner promulgated the following rule:
“In determining the amount of reserve against accounts receivable of banks and similar financial institutions and dealers in intangibles, we shall henceforth first determine the actual average charge-off percentage over the preceding five-year period, less actual recoveries, and then add to this actual average charge-off percentage one-half of 1 per cent as a correction factor for those undetermined costs such as collection costs, attorney fees and the like.
“In those cases where actual facts support an additional allowance, special consideration shall be given.”
This rule or formula was followed by the Tax Commissioner and the Board of Tax Appeals, and the appellants contend that this was unreasonable and unlawful.
In the case of Capital Finance Corp. v. Glander, Tax Commr., 153 Ohio St., 50, 90 N. E. (2d), 673, this procedure was approved by this court.
*381 In the instant cases adherance to the rule resulted in the allowance of bad-debt reserves in excess of losses for all appellants except three; and the Board of Tax Appeals properly and fairly increased the reserve allowances for the three so as to cover their entire losses. This was in conformity with the latter part of the rule relating to “cases where actual facts support an additional allowance.” Thus the decision was based on the actual experiences of the appellants rather than on mere speculation as to the future. Had the appellants’ theory been followed, the result in all but three instances would have been bad-debt reserve allowances greatly in excess of their actual losses. To such excessive and speculative allowances the appellants manifestly were not entitled.
The decisions in these cases are neither unreasonable nor unlawful and are, therefore, affirmed.

Decisions affirmed.

Weygandt, O. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ.., concur.